[Hamilton County Court of Common Pleas.]

MAXWELL, ASSIGNEE, v. HOLMES ET AL.

A mortgage does not obtain priority over an antecedent judgment by
virtue of a subsequent void judgment of reversal by the inter-
mediate court, which reversal is afterward reversed and the origi-
nal judgment affirmed by the Supreme Court.

S. W. SMITH, JR., J.

This case comes into this court on appeal from the Court of
Insolvency of this county, in an action brought by Samuel N.
Maxwell, assignee of William Holmes, against William Holmes
et al, to sell certain real estate for the payment of debts and for
the distribution of proceeds thereof among lienholders.

The appeal to this court is taken by the North Cincinnati Loan & Building Company, wherein the court below found its mortgage lien to be second upon the proceeds of sale, and a judgment held by the city of Cincinnati to be the first lien thereon.

It appears, from the undisputed evidence, that the city of Cincinnati recovered a judgment in the Court of Common Pleas against William Holmes on February 23, 1894, and, under the statute, this became a lien upon his real estate from January 2, 1894, the first day of the January Term. Execution was issued upon this judgment July 26, 1894, and a second execution, with specific levy on all of Holmes' real estate, was issued and made October 1, 1894.

This judgment was afterwards taken to the Circuit Court of Hamilton County, and, on May 28, 1896, was reversed; whereupon the case was then taken to the Supreme Court of the State of Ohio, and, on March 9, 1897, the judgment of the Circuit Court was reversed, and that of the Court of Common Pleas was affirmed.

After the judgment of the Common Pleas Court was rendered at the January Term, 1894, and while said judgment was in full force and effect, and before its reversal by the Circuit Court, William Holmes executed, on September 24, 1894, his certain mortgage to the North Cincinnati Loan & Building Company, this mortgage being taken by the Building Company, not only under constructive notice of the judgment held by the city of Cincinnati against Holmes, but also with actual notice of the same.

The appeal, therefore, raises the question as to whether, or not, a judgment in full force and effect at a time when a subsequent lien is placed against a debtor's property, with constructive and actual notice of said judgment, loses its priority by reason of a reversal by an intermediate court thereafter and the final affirmance of the judgment by the Supreme Court after the reversal of the intermediate court.

Counsel for the Building Company, claiming that its mortgage is now prior to the original judgment recovered in the Common Pleas Court, relies upon the case of *The Fulton Building Association* v. *John J. Hooker,* 7 Weekly Law Bulletin, page 48.

The court, however, is of the opinion that this case does not apply to the case at bar. The holding in that case turns upon the

question of bona fide mortgages. That is, after a judgment has been reversed by an intermediate court, and the judgment again in turn reversed by the Supreme Court, the lien of the judgment does not relate back to its original rendition as to bona fide mortgages given by the judgment debtor while such judgment stood reversed.

In the case at bar the mortgage given to the Building Company was taken by it with actual notice of the judgment and lien of the city of Cincinnati, and, therefore, the Building Company was not a bona fide mortgagee without notice of the judgment lien. The mortgage, as a matter of fact, was given when the case was pending in the Circuit Court and before the reversal of the Circuit Court, and the mortgagee was fully advised of the situation.

In the case of an appeal judgment is suspended; the lien survives and continues until the final determination of the action (Section 5236).

And Section 5376 says that a judgment lien is not divested and vacated by a removal of the case to the Supreme Court, but shall continue until the final determination of the action in the Supreme Court. And, while it does not say, in so many words, how that removal shall be, whether by appeal or error, yet it would seem that the proper construction would be that the statute meant to preserve a lien which a diligent judgment creditor had previously obtained. It would not seem right that a subsequent lien holder, with full knowledge of a prior lien, could thereby obtain a better security and place himself in a more advantageous position than he otherwise would have been in, when the diligent creditor has done all that the law demands of him to do to protect his lien, and in the final adjudication of the case his lien is upheld.

It would seem inequitable to allow a mortgagee, under the facts in this case, to obtain priority over the original judgment rendered in the case, through a void judgment of reversal of the intermediate court, the Supreme Court having reversed the Circuit Court and affirmed the judgment of the Common Pleas Court.

The court, therefore, finds the judgment lien of the city of Cincinnati to be the first and best lien upon the proceeds of sale; and an order may be taken in accordance herewith.

*Charles J. Hunt, Robertson & Buchwalter,* for the city of Cincinnati.

*Fred. A. Lamping,* for the North Cincinnati Loan & Building Company.

*L. W. Goss,* for assignee.